**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-22-86-2-SLP |
| | ) | |
| JULIA ELIZABETH RODRIGUEZ ORTEGA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

The United States Probation Office previously filed a Preliminary Report [Doc. No. 112] advising the Court that Defendant is eligible for a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.).  Defendant then filed a pro se Motion [Doc. No. 113], seeking a reduction in her sentence.  The Government has filed a Response [Doc. No. 115] and concedes Defendant's eligibility, but opposes any reduction of Defendant's sentence.  Defendant, represented by counsel, has filed a Reply [Doc. No. 122].

Defendant entered a guilty plea to the charge of Conspiracy to Possess with Intent to Distribute Fentanyl.  *See* Judgment [Doc. No. 36].  At sentencing, the Court adopted the final presentence investigation report PSR [Doc. No. 76] without change.  Defendant's advisory guideline sentencing range was 135 to 168 months.  *Id.*, ¶ 66; *see also* Doc. No. 99 at 1.  The Court sentenced Defendant to 135 months' imprisonment.  *See* Doc. Nos. 96 and 98 at 2.

Defendant was sentenced on June 20, 2023, prior to the November 1, 2023 effective

date of Amendment 821.  Nonetheless, the Court considered the then-proposed amendment at Defendant's sentencing, which Defendant concedes.  *See* Doc. No. 99 at 4 ("[T]he Court also considered the proposed amendment to USSG §4C1.1, if ratified, which resulted in a range of 108 to 135 months in this case."); *see also* Defendant's Reply at 2.  The Government opposes a sentence reduction on this basis.  But Defendant argues that her post-sentencing conduct is evidence of rehabilitation not previously considered by the Court and that she remains eligible for a sentence reduction.

The Court finds that Defendant has already received the benefit of Amendment 821 and, on this ground alone, no sentence reduction is warranted.  But, even if the Court were to consider the applicable factors under 18 U.S.C. § 3553(a), the Court concludes that a further sentence reduction is not warranted.  The 135-month sentence is supported by several of the § 3553(a) factors to include the seriousness of the offense, adequate deterrence to criminal conduct, respect for the law, just punishment for the offense, and to protect the public from further criminal conduct.

For the reasons set forth, Defendant's Motion [Doc. No. 113] for a reduction of her sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 is DENIED.

IT IS SO ORDERED this 25th day of April, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE